HERBERT J. BANTON *vs.* OMAR HERRICK.

Penobscot.     Opinion January 27, 1906.

*Real Action.   Recorded Deeds.   Title.   Directed Verdict.   No Exceptions.*
*Adverse Possession.   Constructive Disseisin.   R. S., c. 106, § 38.*

1. As between two titles by recorded deeds of real estate, the older is the better title.

2. When in a real action a verdict is directed for one party as to part of the land demanded in the action and the other party does not except, the verdict as to that part of the land will be assumed to be required by the evidence.

3. When an entry is made upon a specific lot of land (not being a wood lot pertaining to a farm under R. S., chapter 106, section 38) and a part is occupied without any recorded claim of title, a title gained by such occupation is limited to the part actually occupied; but when such entry and occupation are under a recorded deed of the whole lot showing a claim of title by record to the whole lot, a title gained by such occupation extends over the whole lot described in the deed, in the absence of controlling circumstances to the contrary.

4. The above rule of constructive disseisin was in force prior to the enactment of the statute R. S., chapter 106, section 38, and is not limited by statute. It is not limited to farms and wood lots attached to farms.

5. In this case a lot of 110 acres was entered upon and a part occupied under a line of recorded deeds of the whole lot. The occupation of the part was found by the jury to be of sufficient character and duration to constitute a title by disseisin to that part. There were no fences or other boundaries between that part and the rest of the lot. *Held:* that the title acquired by disseisin covered the whole lot.

On exceptions by defendant. Sustained.

Real action brought to recover a parcel of land situate in the town of La Grange, in Penobscot County and described in plaintiff's writ as lot numbered thirty-two (32) north of the Board Eddy road, so called, in that part of La Grange called the Hammond tract, containing one hundred and ten (110) acres and numbered according to the plan and survey of Jedediah Herrick. Formerly this lot was wild land all wooded except a few acres of open meadow land near the middle. This meadow land had been improved by the defendant.

The plea was the general issue with a brief statement "that defendant, his predecessors, and grantors have been in continuous occupation and possession of the premises described in plaintiff's writ and declaration, holding same under claim of title, exclusive of all other rights adversely to the pretended title of the plaintiff for more than twenty years, last past before the commencement of this action."

After the evidence on both sides had been closed, the presiding Justice instructed the jury as follows : "In my view of the case there is no issue of fact to be passed upon by the jury. The plaintiff rests his case without putting in any testimony in rebuttal to all this parol testimony which has been introduced by the defendant. In my view of the case and as to that the plaintiff's counsel agrees, there is sufficient evidence to show that the defendant has acquired title in that part of the demanded premises as is meadow land, by making improvements, by being in occupation and possession for much more than twenty years, and for much more than twenty consecutive years ; not that he has every year necessarily cut the grass that in my view is not necessary, if he has occupied that which might be referred to as cultivated land as a person ordinarily does his own land of that same character.

"But now in regard to the wild land upon which it appears that the defendant and his predecessors in title have occasionally cut some lumber and perhaps in one or possibly two instances in recent years, may have cut a little fire-wood ; assuming all of this testimony upon the part of the defendant to be absolutely true,—and that is our duty to assume it, because it is not controverted,— assuming that all of these witnesses who have been called by the defendant; have told the exact truth, in my view of the law the evidence is not sufficient to show that thereby the defendant has acquired title to the wild land by disseizure, by adverse possession. Upon that part of the land he has done nothing in the way of benefit or improvement; he has put nothing upon the land, when I say he, I mean he and those under whom he claims all that has been done by him and his predecessors has been to take something off of the land, more or less occasionally and more or less intermittently upon various occasions there have been undoubtedly some lumbering operations when hemlock has been cut and peeled and removed, and the same as to poplar. Assuming all these things have been done including the payment of taxes by the defendant and his predecessors that does not give him title by disseizin or adverse possession to the wild land ; something more, in this state and much more is necessary, therefore, it becomes not a question of fact for you to pass upon, but a question of law for me to pass upon, and I therefore have had verdicts prepared which I direct, relieving you of all the responsibility."

In accordance with these instructions a verdict was returned for the plaintiff for so much of the land as is wild land while a verdict was returned for the defendant for so much of the land as is meadow land. Thereupon the defendant excepted.

The case is stated in the opinion.

*Taber D. Bailey*, for plaintiff.

*T. P. Wormwood and H. H. Patten*, for defendant.

SITTING: EMERY, WHITEHOUSE, STROUT, SAVAGE, PEABODY, JJ.

EMERY, J. This is a real action begun in 1902. The land demanded is a lot of 110 acres and is described as "Lot No. 32,

north of the Board Eddy Road in La Grange according to the survey and plan of Jeddediah Herrick." Formerly it was wild land all wooded except a few acres of open meadow land near the middle. The plaintiff showed a record title to the whole lot from the year 1832. The defendant also showed a record title to the whole lot, but only from the year 1868. By the record, therefore, the plaintiff showed the older and hence better title, but the defendant further interposed in defense the claim of title to the whole lot by adverse possession.

The court instructed the jury that upon the evidence the defendant had acquired title to the meadow land part of the lot by occupation of the requisite character and duration, and directed a verdict for the defendant as to the meadow part of the lot. The plaintiff took no exceptions to this ruling, and hence we must consider so much as established in considering the present case.

As to the rest of the lot, the wooded part, there was no evidence that it was separated from the meadow by any fences, ditches or other artificial means, or that there was any definite line of demarcation. It was undisputed that the entry of the defendant and his predecessors in title, and their occupation of such part of the lot as they actually occupied, were under a chain of deeds duly recorded in the proper registry and covering the whole lot, No. 32. There was evidence that the defendant and his predecessors had made roads, cut wood, &c., over the most of it, and had paid taxes on the whole lot, all under claim of title for more than thirty years. There was no evidence that the plaintiff, or any of his predecessors in title, had made any entry, paid any taxes, or exercised any ownership over any part of the lot for more than thirty years. The court ruled that as to this wooded part of the lot the evidence did not make out a title by adverse possession and directed a verdict for the plaintiff for the wooded part. To this ruling the defendant excepted.

Taken by itself, without reference to the occupation of the meadow part, the occupation of the wooded part was not sufficient to warrant a verdict for the defendant; but we think the occupation of the lot cannot be so separated. The entry and occupation of the part were under a duly recorded deed of the whole lot. When an entry is

made upon a lot of land and a part is occupied without any recorded claim of title, a title by adverse possession is limited to the part actually occupied, unless it be part of a farm ; (R. S., ch. 106, sec. 38) but when a lot of land is entered upon and part of it occupied under a recorded deed of the whole lot, showing a claim of title by record to the whole lot, the effect of such entry and occupation is not limited to the part actually occupied, but extends over the whole lot in the absence of controlling circumstances to the contrary.

Under our law, the delivery and recording of a deed of conveyance, at least when followed by entry upon the land described in the deed, is the equivalent of the old common law livery of seisin. That livery of seisin extended over the whole parcel enfeoffed. In the same manner the seisin conferred by a deed executed and recorded as required by our statutes extends over the whole parcel conveyed. If actual seisin of any material part under that constructive seisin of the whole parcel is of such character and duration as to ripen into a title by disseisin, that disseisin and title are of the whole parcel. It is to be assumed that the owner by the older record title knew of the entry and of the occupation of part of his land by the stranger and that it was of the character to give title by disseisin. It is also to be assumed that he knew that such entry and occupation were under a seisin conferred by a recorded deed (if such was the fact,) and that he knew of the extent of that claim of seisin. He was chargeable with such notice as the public registry would give. Any record owner seeing any part of his land occupied by another in such manner as would give title by disseisin if sufficiently long continued, is bound to ascertain from the public registry whether such occupation is under a recorded claim of title, and also the extent of that claim. If, knowing all this, he makes no effort to interrupt such occupation or claim until after twenty years he has no cause of complaint that the law protects the occupant in his claim to the whole parcel.

This rule did not originate in the statute, R. S., ch. 106, sec. 38, extending the effect of actual occupation of improved land over uncultivated land or woodland when used as part of a farm. That statute extends the effect of entry and occupation and improvement

by a mere disseisor not having any color of title by record. Without the statute, any title acquired by such disseisor would be limited to the part actually occupied. It would not extend over woodland, etc. With the statute, such disseisor in the open, notorious and exclusive possession of a farm may hold the woodland part of the farm as well as the farm home and fields. The rule as to the effect of entry and occupation of a part of a lot under a recorded deed of the whole does not depend on and is not affected by that statute. It (the rule) is not confined to farms.

The foregoing propositions are established by repeated decisions of this court, and in opinions fully reasoning them out and citing many authorities. A reference to some of them should be sufficient. See *Little* v. *Megquier*, 2 Maine, 176; *Kennebec Purchase* v. *Laboree*, 2 Maine, 275; *Noyes* v. *Dyer*, 25 Maine, 468; *Foxcroft* v. *Barnes*, 29 Maine, 128; *Putnam Free School* v. *Fisher*, 34 Maine, 172; *Brackett* v. *Persons Unknown*, 53 Maine, 228. The case *Walsh* v. *Wheelwright*, 96 Maine, 174, is not in conflict, as in that case no part of the plaintiff's land had been so occupied as to give title by disseisin.

Of course, in a given case there may be facts preventing the operation of the rule cited, as where the record owner or others have also occupied the part sought to be brought under the constructive possession, or where parcels are not contiguous and it is sought to extend the occupation of one constructively over the others, or where the tract is so extensive and of such character and location as to make the rule inapplicable. In this case no such facts appear. The judgment must be that the defendant's exceptions are sustained.

*Exceptions sustained.*