ALEXANDER, J.,
concurring.
[¶ 27] I concur in and join the Court’s opinion. I write separately because I do not want the Court’s opinion, reinvigorating the ancient doctrine[7] of constructive adverse possession or constructive possession, to be read to invite mischievous claims asserting ambiguity in deed descriptions to try to gain title by adverse possession to large amounts of land, based on proof of adverse use of a small portion of that land.
[¶ 28] The Court’s opinion notes correctly that “[t]ypically, an acquisition of title to property through adverse possession is limited to the area of property that has been actually occupied.” Court’s Opinion ¶ 7 (citing Irving Pulp & Paper Ltd. v. Kelly, 654 A.2d 416, 419 (Me.1995)). That is the generally accepted principle in adverse possession cases; you can take title to what you have occupied adversely — and no more — if you prove that your occupancy for that time has been “visible and notorious” and “under a claim of right.” To prevail on a claim of adverse possession a claimant must prove, by a preponderance of the evidence, that his or her use of the property was (1) actual, (2) open, (3) visible, (4) notorious, (5) hostile, (6) under a claim of right, (7) continuous, and (8) exclusive for over twenty years. Weeks v. Krysa, 2008 ME 120, ¶¶ 12, 21, 955 A.2d 234 (holding that evidence of occasional, seasonal use of an undeveloped lot was insufficient to support an adverse possession claim).
[¶ 29] Relying on the doctrine of constructive adverse possession, however, the Court holds that a person can obtain equitable title to an entire parcel if the parcel is described in the person’s deed and the person has occupied “a portion of that parcel in a manner sufficient to establish title by adverse possession.” Court’s *616 Opinion ¶ 7 (citing Campbell v. Whitehouse, 122 Me. 409, 417, 120 A. 529 (1923); Banton v. Herrick, 101 Me. 134, 138-39, 63 A. 671 (1906); Brackett v. Persons Unknown, 53 Me. 228, 231 (1861); 4 Herbert T. Tiffany & Basil Jones, The Law of Real Property § 1155 at 815 (3d ed. 1939) (stating that “one having ‘color of title,’ that is, claiming under what purports to be a valid muniment of title, although he actually occupies a part only of the tract covered by his muniment of title, is to be regarded as in possession of the whole tract”)).
[¶ 30] This statement of the law of constructive adverse possession raises the possibility that a person could allege an ambiguity in a deed to encompass a much larger area than may have been conveyed,[8] demonstrate use of a small portion of that property sufficient to support an adverse possession claim, and win title to the entire parcel. Thus, the parameters of the described doctrine of constructive adverse possession could be read to allow proof of adverse possession to one acre, plus proof of a deed ambiguity, to allow a litigant to gain title to a fifty or hundred acre parcel. However, neither the doctrine of constructive adverse possession nor the Court’s opinion should be read to allow proof of adverse possession to a small portion of a parcel to gain title to a much larger parcel.
[¶ 31] In this case the trial court found, and the record fully supports, the determination that (i) color of title was established by a specific but incorrect deed that had long been in existence, (ii) the coverage of the superior deed, controlling the property description, was stipulated, and, most importantly, (iii) the evidence supporting adverse possession demonstrated adverse occupancy and use of a large portion of the eleven acre lot, such that the “use of the property by Harvey and her predecessors was ‘comprehensive and complete.’” Because (i) the adverse use of the property in dispute was “comprehensive and complete,” (ii) the boundaries of the property actually conveyed by deed were stipulated, and (iii) the boundaries of the incorrect deed were found to be specific and supported use of the disputed property under color of title for a long period of time, the doctrine of constructive adverse possession was properly applied to convey title to the entire disputed parcel by adverse possession. Absent any one of these factors, application of constructive adverse possession would be difficult to support.

. The precedents that the Court cites supporting the constructive adverse possession doctrine date from 1923, 1906, and 1861. The Court also cites a 1939 treatise that apparently has not been updated.

. Ambiguities are not difficult to suggest when deeds may refer to long departed monuments and roughly estimated angles, and small differences in estimated angles can translate to big differences in the land believed to be included in the boundary description.